# Funding of Attorney Fee Awards Against the United States Under Rule 37

Attorney fee awards may be imposed against the United States for abuse of discovery under Rule 37 of the Federal Rules of Civil Procedure, by virtue of the general waiver of sovereign immunity in 28 U.S.C. § 2412(b) (Supp. V 1981), which was intended to make the United States and private litigants equally liable for a fee award based on the common law or on an applicable fee-shifting statute.

Rule 37 by itself could not provide sufficient authority for a court to award attorney fees against the United States; the requisite waiver of sovereign immunity cannot be accomplished by a court-made rule, but only by explicit legislative action.

A judgment awarding attorney fees against the United States under authority of 28 U.S.C. § 2412(b) is ordinarily paid from the judgment fund. See 28 U.S.C. § 2412(c)(2). However, where a fee award is based on a finding of bad faith on the part of a government agency, as is the case here, it must be paid from the agency's general appropriation.

September 13, 1982

## MEMORANDUM OPINION FOR THE
## ASSISTANT ATTORNEY GENERAL, CIVIL DIVISION

This responds to your request for our opinion regarding the appropriate source of funding for the payment of an attorney fee award assessed against the United States pursuant to Rule 37 of the Federal Rules of Civil Procedure. In the particular case at issue, *National Lawyers Guild* v. *Attorney General*, No. 77 Civ. 999 (CLB) (S.D.N.Y.), the magistrate found that the Government's failure to comply with discovery orders was based on "bad faith, willfulness and fault," and awarded $11,231.00 in fees and costs against the United States as a discovery sanction. The question is whether this award is to be paid from the judgment fund or from agency funds. For reasons set forth in detail below, we conclude that the attorney fee award in this case should be paid from agency funds.[1]

Rule 37 of the Federal Rules of Civil Procedure has since 1938 authorized federal courts to impose a variety of sanctions against parties in litigation for abuse of the discovery process, including an award of attorney fees. It is common ground that until 1980 sovereign immunity prevented an award of fees against the

---

[1] Our conclusion that the award should be paid from agency funds makes it unnecessary to address the second question you raise *viz* , whether and to what extent § 207 of the Equal Access to Justice Act restricts payment of attorney fee awards against the United States from the judgment fund.

United States under Rule 37. The principle of sovereign immunity was recognized in the text of Rule 37(f), which read as follows:

> Except to the extent permitted by statute, expenses and fees may
> not be awarded against the United States under this rule.

We say "recognized" because we believe it is clear that even in the absence of subsection (f), Rule 37 would not itself have constituted a waiver of sovereign immunity so as to permit a court to award a money judgment against the United States. This is because Rule 37 was not enacted by Congress, but promulgated by the Supreme Court pursuant to the authority given in the Rules Enabling Act, 28 U.S.C. § 2072. That Act authorizes the promulgation of rules governing court practice and procedure, but by its terms does not permit the enactment of laws abridging, enlarging or modifying "the substantive rights of any litigant." *See Sibbach* v. *Wilson & Co.*, 312 U.S. 1, 7–8 (1941).

In particular, the authority given the court in the Rules Enabling Act "to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction." *United States* v. *Sherwood*, 312 U.S. 584, 589–91 (1941). *See also Sibbach* v. *Wilson*, 312 U.S. at 10 (court rules may not "extend or restrict the jurisdiction conferred by a statute"). It is commonplace that sovereign immunity is jurisdictional, *see, e.g., Soriano* v. *United States*, 352 U.S. 270, 276 (1957), and that "the terms of [the sovereign's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States* v. *Sherwood*, 312 U.S. at 586. While the United States as a party to litigation is concededly subject to certain court-imposed sanctions for noncompliance with discovery orders, *see In re Attorney General of the United States*, 596 F.2d 58 (2d Cir.), *cert. denied*, 444 U.S. 903 (1979), a court may not impose a monetary penalty upon the United States under Rule 37 in the absence of an explicit waiver of sovereign immunity. *See Land* v. *Dollar*, 330 U.S. 731, 738 (1947) (absent a legislative waiver of sovereign immunity, a court has no power to make an award which would "expend itself on the public treasury or domain . . ."). *See also United States* v. *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365 (9th Cir. 1980). Therefore, the Rules do not and could not by themselves empower a court to impose a monetary remedy against the government.

Prior to 1980, Congress had consented to the award of attorney fees against the United States in only a few specific situations. *See, e.g.*, 42 U.S.C. § 2000e–5(k). The court-fashioned rule of statutory construction against implied waivers of sovereign immunity was generally held to immunize the United States against attorney fee awards absent very clear authority to the contrary, authority usually found only in compelling language in the text of a statute itself. *See NAACP* v. *Civiletti*, 609 F.2d 514 (D.C. Cir. 1979), *cert. denied*, 447 U.S. 922 (1980). Indeed, Congress had in 28 U.S.C. § 2412 (1976) expressly prohibited an award of attorney fees against the United States, "[e]xcept as otherwise specifically authorized by statute." *See also Alyeska Pipeline Service Co.* v. *Wilderness Society*, 421 U.S. 240, 265–69, and n. 44 (1975) ("an award [of

attorney fees] against the United States is foreclosed by 28 U.S.C. § 2412 in the absence of other statutory authorization").

In' 1980, Congress modified and expanded § 2412 to permit an award of attorney fees against the United States in a variety of different situations. *See* § 204 of the Equal Access to Justice Act, Pub. L. No. 96–481, Title II, 94 Stat. 2325 (1980) (the Act). The provision in the former § 2412, which had permitted an award of costs against the United States, was retained in § 2412(a), and a new provision was added authorizing a court to award attorney fees against the United States in any case in which an award would be available against private parties under common law and statutory exceptions to the "American rule" on fee-shifting. The new § 2412(b) provided as follows:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

At the same time, in § 205(a) of the Act, Congress repealed subsection (f) of Rule 37. Both House and Senate reports explained that the "change reflects the belief that the United States should be liable for fees the same as other parties when it abuses discovery." *See* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 19 (1980) (Report of the House Committee on the Judiciary) (House Report); S. Rep. No. 253, 96th Cong., 1st Sess. 22 (1979) (Senate Report).

The question you have raised is whether Congress' repeal of subsection (f) made Rule 37 a source of authority for fee awards against the United States independent of the waiver of sovereign immunity in § 2412(b). A memorandum prepared by the Civil Division's Torts Branch points out that it would not have been necessary to repeal subsection (f) in order to allow awards to be made against the United States as a discovery sanction under authority of the new § 2412(b). This is because subsection (f) would have permitted fee awards "to the extent permitted by statute." Therefore, it is argued, the fact that Congress nonetheless repealed subsection (f) indicates that it intended thereby to accomplish a separate waiver of sovereign immunity independent of that contained in § 2412(b).

The question is important because of its implications for the source of funding to pay the award in this case. Section 205 itself does not specify the source of funds to pay awards made under Rule 37. Ordinarily, in the absence of some specific statutory provision to the contrary, an award against the United States would be paid in accordance with the procedures set forth in 28 U.S.C. §§ 2414

and 2517, under authority of the permanent indefinite appropriation for judgments against the United States established by 31 U.S.C. § 724a. However, payment of awards made under authority of § 2412(b) is governed by the provisions of § 2412(c)(2):

> Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for fees and expenses of attorneys pursuant to subsection (b) shall be paid as provided in sections 2414 and 2517 of this title, except that if the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment.

In short, if fee awards against the Government under Rule 37 have been separately consented to by Congress, they must be paid from the judgment fund. If, instead, they are made "pursuant to" § 2412(b), they are subject to the funding provisions contained in § 2412(c)(2). Under that section, in a case such as this one in which the Government has been found to have acted in bad faith, the award must be paid "by any agency found to have acted in bad faith," not from the judgment fund.

We think it theoretically possible for the repeal of subsection (f) to have some independent significance as a legislative act waiving sovereign immunity, even though Rule 37 itself, as promulgated by the Court under the Rules Enabling Act, could not waive sovereign immunity. The question is essentially one of Congress' intent. That is, the question is whether Congress intended by its repeal of subsection (f) to accomplish a waiver of sovereign immunity separate from that in § 2412(b). While the text of § 2412(b) provides no ready answer to that question,[2] the legislative history of the Act indicates that Congress believed § 2412(b) would provide the authority for Rule 37 awards, and that the repeal of subsection (f) was intended merely as a conforming amendment to eliminate a now-meaningless provision from the Federal Rules.

Both the House and Senate Reports explained that the new § 2412(b) was intended to hold the United States "to the same standards in litigating as private parties." House Report at 9; Senate Report at 4. Thus it is "consistent with the history of § 2412 which reflects a strong movement by Congress toward placing the Federal Government and civil litigants on a completely equal footing." *Id.* If § 2412(b) was thus intended to authorize fee awards against the United States in *any* context in which a private party could be held liable, this would include abuse of discovery under Rule 37. In its section-by-section analysis, the Senate Report makes explicit reference to Rule 37 awards in describing the scope of § 2412(b):

---

[2] It is not clear, for example, whether a Rule 37 fee award would be considered to fall into one of the "common law" categories, or whether Rule 37 should itself be considered a "statute" providing for such an award. *See, e.g., Sibbach v. Wilson,* 312 U.S. at 11 (Rule 37 is a rule of procedure within the authority of the Supreme Court under the Rules Enabling Act, and, under the terms of that law, supersedes "all laws in conflict with [it].").

Section 2412(b) permits a court in its discretion to award attorney fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving private parties. Thus, under this section, cases involving the United States would be subject to the "bad faith," "common fund," and "common benefit" exceptions to the American rule against fee-shifting. *The United States would also be liable under Rule 37, Federal Rules of Civil Procedure* and under the same standards which govern awards against private parties under federal statutory exceptions, unless the statute expressly provides otherwise.

Senate Report at 19 (emphasis supplied). *See also* Senate Report at 4.

As further evidence of Congress' intent in repealing subsection (f), we think it significant that § 205 of the Act is captioned in the conference report as "Technical and Conforming Amendments." H.R. Rep. No. 1434, 96th Cong., 2d Sess. 11 (1980). And the other provisions of § 205 are plainly so characterized: § 205(b) amended the table of rules of the Federal Rules to reflect the repeal of Rule 37(f) accomplished by § 205(a); and § 205(c) amended 42 U.S.C. § 1988 to strike out language relating to fee awards against the United States in tax cases. With respect to the latter provision, the House Report explained that:

[t]he deletion of this section is required because it is intended that cases arising under the internal revenue laws be covered by the provisions of § 2412(d) of title 28 as added by this bill.

House Report at 19. *See also* Senate Report at 22. While neither the House nor Senate Report mentioned § 2412(b) in connection with the repeal of Rule 37(f), the fact of their complementary relationship seems inescapable.

Our conclusion that Rule 37 awards are made "pursuant to" 28 U.S.C. § 2412(b), and therefore must be paid in accordance with the funding provisions contained in § 2412(c)(2), is strengthened by reference to Congress' purpose in enacting these provisions, and the Act generally, which was to make "individual agencies and departments accountable for actions pursued in bad faith." House Report at 17; Senate Report at 20. A result which would permit an agency to escape fiscal responsibility for its bad faith under Rule 37 would be inconsistent with Congress' expectation that "[t]he awards and resulting impact on the budget will provide a concrete basis for evaluating agency error." *Id. See also* 126 Cong. Rec. 28106 (1980) ("The implicit assumption in the approach taken by this legislation is that affecting the 'pocketbook' of the agency is the most direct way to assure more responsible bureaucratic behavior") (remarks of Sen. Thurmond on the adoption of the conference report).

529

We therefore conclude that awards under Rule 37 are subject to the funding provisions contained in 28 U.S.C. § 2412(c)(2), and that the award in this case should accordingly be paid from agency funds.[3]

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] We have no information which bears on the question of which agency should be responsible for paying the award in this case, and express no views on that issue.